NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ACT 898 PRODUCTS, INC., a California corporation, | No.   17-56046 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-00476-JCG |
| v. | MEMORANDUM[*] |
| WS INDUSTRIES, INC.; DOES, 1-10, inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jay Gandhi, Magistrate Judge, Presiding

Submitted May 15, 2019[**]
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and ANTOON,[***] District Judge.

Following a jury trial, the district court entered judgment in favor of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Defendant-Appellee W.S. Industries, Inc. ("WSI") on all state and federal claims brought by Plaintiff-Appellant A.C.T. 898 Products, Inc. ("ACT") concerning the use of ACT's registered trademark. Although the jury found that WSI had willfully infringed ACT's trademark, it also found that ACT "reasonably [knew] about the use of its 777 Mark earlier than March 11, 2012, to suspect that it suffered harm," which brought its claims outside of the various three- and four-year statutes of limitations. ACT now appeals the district court's denial of its post-trial motions challenging the verdict and requesting a permanent injunction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

1.      The district court did not err in denying ACT's renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). ACT failed to raise its claims in its pre-verdict motion under Rule 50(a). A "party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)). Despite its argument that it "had no reason to discuss a non-issue," it was incumbent on ACT to move for judgment as a matter of law at the close of

---

[1] WSI's motion to strike, ECF No. 41, to which ACT never filed an opposition, is also GRANTED.

evidence on any claim for which it believed insufficient evidence had been presented, including WSI's statute of limitations affirmative defense. *See* Fed R. Civ. P. 50 advisory committee's note to 2006 amendment.

Moreover, on the merits, ACT's arguments fail under the "extraordinarily deferential review" for plain error when claims are raised for the first time in the renewed motion, an inquiry "limited to whether there was *any* evidence to support the jury's verdict." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961–62 (9th Cir. 2009) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001)). Because there was evidence to support both the jury's verdict of willful infringement—i.e., under the willful blindness theory offered by ACT itself—and that ACT knew of its claims before March 2012, which ACT essentially conceded given its May 2011 cease-and-desist letter, the district court properly denied ACT's motion for judgment as a matter of law.

Similarly, the district court's jury instructions were not plainly erroneous. ACT does not dispute the instructions setting the statute of limitations period at four years (California trademark infringement; California unfair competition) and three years (California false advertising). Instead, its challenge focuses on Jury Instruction No. 31, but that instruction correctly laid out California's delayed discovery rule, a qualification to the statute of limitations that delays the beginning of the limitations period until "the plaintiff suspects, or should suspect, that she has

been wronged." *See Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 930 (Cal. 1988).

The district court did not plainly err in omitting instructions on equitable estoppel, tolling, and fraudulent concealment. First, ACT did not specifically propose any such instruction and, to the contrary, agreed that there were no other issues with the instructions. Therefore, even assuming that ACT's discussion of the verdict form had been sufficient to preserve its objections to the jury instructions, *but see* Fed. R. Civ. P. 51(c)(1), the court was "not obliged to instruct the jury on issues raised by the evidence unless a party requests an instruction." *See* Fed. R. Civ. P. 51 advisory committee's note to 2003 amendment.

Second, ACT's argument erroneously assumes that, as a matter of law, the statute of limitations was tolled simply because it sent a cease-and-desist letter and relied on WSI's response. "The party seeking the benefit of the avoidance of the statute of limitations carries the burden of proof to establish the elements, . . . [and] all presumptions are against him since his claim to exemption is against the current of the law and is founded on exceptions." *NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 383 n.2 (9th Cir. 1979) (citation omitted). ACT cannot establish that it had proven one of these exceptions as a matter of law, and therefore the jury instructions were not "erroneous, incomplete, and misleading."

Finally, ACT argues that the jury's verdict was irreconcilably inconsistent because the jury found both willful infringement and that the statute of limitations

4

had run. However, as stated, the evidence reasonably supported both findings. The jury had evidence that (1) ACT knew about the infringement before March 12, 2012 because it had sent its letter in May 2011, (2) WSI was willfully blind as to the infringement, and (3) WSI ceased its conduct after receiving the letter. Because the "verdict can be reconciled on [a] reasonable theory consistent with the evidence," the district court did not abuse its discretion in denying ACT a new trial.[2] *See Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991), *as amended on denial of reh'g* (June 16, 1992).

For the same reasons, the district court did not err in denying ACT's motion for a new trial.

2. The district court did not abuse its discretion by declining to exercise its authority under Federal Rule of Civil Procedure 60 to strike the verdicts as to the statute of limitations. Rule 60(a) is titled "Corrections Based on Clerical Mistakes; Oversights and Omissions" and does not allow for changes to the "operative, substantive terms of the original judgment." *Garamendi v. Henin*, 683

---

[2] ACT is correct that trademark violations can be a "continuing wrong," but it never requested any such jury instruction. Moreover, ACT offered a theory of willful blindness as to WSI's infringing conduct before receiving the cease-and-desist letter, but it repeatedly conflated its pre- and post-letter claims against WSI. It then failed to ask the jury to specify in the verdict form whether WSI infringed *within the limitations period*, apparently presuming—as it does here on appeal—that tolling should have automatically applied. As a result, the jury's verdict does *not* specifically answer the question of whether WSI continued to infringe after it received the letter.

F.3d 1069, 1080 (9th Cir. 2012).

3.    Likewise, the district court did not abuse its discretion by failing to grant ACT relief from final judgment under Federal Rule of Civil Procedure 60(b). ACT contends that "the grounds for reversal [on this claim] overlap with many of the same grounds" as its argument that a new trial was warranted.  On appeal, ACT does not articulate why the district court erred, or which of the enumerated reasons under Fed. R. Civ. P. 60(b) justifies relief.

4.    Finally, the district court did not abuse its discretion by denying ACT a permanent injunction because ACT failed to establish that it would suffer irreparable harm.  ACT contends that the "jury made no finding that . . . WSI was not likely to infringe in the future," and that the evidence suggests that WSI in fact would continue to infringe its trademark in the future.  However, ACT bore the burden to demonstrate irreparable harm, *see eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), and "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award," *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).  ACT fails to show any clearly erroneous factual findings or erroneous legal conclusions by the district court in holding that ACT did not meet its burden to show irreparable injury.  *See Multnomah Legal Servs. Workers Union v. Legal Servs. Corp.*, 936 F.2d 1547, 1552 (9th Cir. 1991).

6

**AFFIRMED.**